UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

STEVEN McGUFFEY,

    Plaintiff,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security
Administration,

    Defendant.

NO. CV-04-3042-RHW

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are Plaintiff's Motion for Summary Judgment (Ct. Rec. 9) and the Defendant's Motion for Summary Judgment (Ct. Rec. 12). The motions were heard without oral argument. Plaintiff is represented by D. James Tree. Defendant is represented by Assistant United States Attorney Pamela J. DeRusha and Special Assistant United States Attorney Stephanie R. Martz.

**I.    JURISDICTION**

On July 12, 2001, Plaintiff Steven R. McGuffey applied for Supplemental Security Income (SSI) benefits and Disability Insurance Benefits (DIB) (Tr. 16). Plaintiff alleges musculoskelatal pain, asthma, and learning disabilities, with an onset date of December 24, 1999 (Tr. 17). Plaintiff's application was denied initially, and on reconsideration, a hearing was requested (Tr. 56-59). After timely requesting a hearing, Plaintiff appeared before Administrative Law Judge (ALJ) Verrel Dethloff (Tr. 13). The ALJ found that Plaintiff could work at all exertional levels, but was limited to simple repetitive work not involving close frequent

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

interactions with others (Tr. 30).  The ALJ dismissed Plaintiff's claim at step four, finding that Plaintiff had a residual functioning capacity sufficient for him to engage in past relevant work.  *Id.*  Plaintiff filed a request for review by the Appeals Council, which was denied (Tr. 6).  The instant matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.     SEQUENTIAL PROCESS

Under the Social Security Administration's regulations, the ALJ must undertake a five-step sequential evaluation to determine whether an adult qualifies for disability benefits.  20 C.F.R. §§ 404.1520 *et seq*. and 416.920 *et seq*.  The first two steps are satisfied if the claimant has not engaged in substantial gainful activity since the alleged onset and suffers from a severe impairment.  20 C.F.R. §§ 404.1520(b) and (c), and 416.920(b).  At step three, the claimant's impairments are examined against a Listing of Impairments.  20 C.F.R. §§ 404.1520(d) and 416.920(d).  If the claimant's impairments meet or equal a listed impairment, disability is established.  *Id.*  If a listed impairment is not met, the evaluation moves on to steps four and five, both of which first require an assessment of the claimant's residual functional capacity (RFC).  20 C.F.R. §§ 404.1520(e) and (f), and 416.920(e) and (f).  RFC is the measure of what work the claimant can handle, both physically and mentally, despite the unlisted, severe impairments. 20 C.F.R. §§ 416.945.  At step four, the ALJ determines whether the claimant can perform any past relevant work by comparing the claimant's RFC to the "physical and mental demands" of the past relevant work.  *Pinto v. Massanari,* 249 F.3d 840, 844-845 (9th Cir. 2001).  The burden of proof remains with the claimant at this step, but the ALJ must make the above findings of fact to support his or her conclusion.  *Id.* at 844.  If the claimant cannot perform past relevant work, given his or her RFC, the evaluation moves on to step five, where the ALJ determines

**ORDER DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT; GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT ~ 2**

whether the claimant can perform any other work. § 416.945. If the claimant cannot perform any competitive work available in significant numbers, disability is established. *Id.*

The claimant has the burden of proof on the initial four steps, but the burden shifts to the Commissioner on the fifth. *See* 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g). If the claimant satisfies the conditions of steps one, two, and four, the Commissioner has the burden of showing that it is within the claimant's RFC to perform other competitive work that is available in significant numbers in the regional or national economies. If the Commissioner fails to make this showing, an award of disability benefits is warranted. *See Perminter v. Heckler*, 765 F.2d 870, 872 (9th Cir. 1985); *accord Beecher v. Heckler*, 756 F.2d 693, 695 (9th Cir. 1985).

## III. STANDARD OF REVIEW

"The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

1989) (citation omitted).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court must uphold the decision of the ALJ. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1987).

### IV.   STATEMENT OF FACTS

The facts have been presented in the administrative transcript and the ALJ's decision and will only be summarized here. Plaintiff was 34 years at the time of the ALJ's decision. He has an eleventh grade education and special education. His work experience includes retail store stocker, housekeeper, maintenance worker, forklift driver, and meat skinner (Tr. 122). At the time of the ALJ's decision, Plaintiff was performing maintenance at his mother's beauty salon for a few hours a day for up to seven days a week, in exchange for rent. *Id.*

### V.   COMMISSIONER'S FINDINGS

The ALJ concluded at steps one and two that Plaintiff was not engaged in substantial gainful activity, and that he did have severe impairments, specifically "borderline intellectual functioning, depression, anxiety, decreased hearing," although the ALJ did not find his hearing and mental impairments to be severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4 (Tr. 18). The ALJ did not find that Plaintiff suffered from any severe physical impairment. *Id.* The ALJ's determination was based on a review of the reports of state psychologists and physicians (Tr. 20). Notably, the ALJ accorded no weight to the medical opinion of "medium exertional

**ORDER DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT; GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT ~ 4**

limitation" found by reviewing physician, Dr. Staley (Tr. 18). The limitation was predicated upon pain alone, which the ALJ found to be a symptom only, and absent objective evidence of a impairment causing the pain, the symptom could not be predicate to an exertional limitation. *Id.* Similarly, the ALJ dismissed the objective evidence of chiropractic treatment as "not medical evidence." (Tr. 22.)

At step four, the ALJ reviewed both the objective medical evidence and the subjective testimony of Plaintiff and his wife to determine Plaintiff's RFC (Tr. 19-29). The ALJ found that Plaintiff retained the RFC for work at all exertional levels, but that he is limited to "simple repetitive tasks not involving close frequent interaction with others." (Tr. 19.) The ALJ found the subjective evidence to be unconvincing, as it was wholly unsupported by the objective record and, accordingly, gave it no weight (Tr. 28). Thus, Plaintiff was able to perform his past relevant work as a beef skinner and was not disabled.

## VI.  ISSUES PRESENTED

Plaintiff's complaint and motion for summary judgment argues reversible legal error. Plaintiff challenges the ALJ's "step four" analysis within the sequential process on several specific grounds, raising the following questions:

(A)  Whether the ALJ erred in concluding that Plaintiff could return to his past relevant work;

(B)  Whether the ALJ improperly rejected the opinions of medical professionals;

(C)  Whether the ALJ erred by failing to give proper weight to the testimony of the Plaintiff's wife and mother; and

(D)  Whether the ALJ erred in determining that Plaintiff's job providing maintenance in a beauty parlor was past relevant work.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

## VII. ANALYSIS

### A. Whether the ALJ erred in concluding that Plaintiff could return to his past relevant work

The ALJ concluded that Plaintiff could return to his past work as a beef skinner.  The ALJ noted that Plaintiff apparently left this work because the "blood and stuff" got to him.  He had performed this work for three years.  The ALJ also noted that Plaintiff indicated that he left his fork lift job at the plastics factory because he had a dispute with his boss over time off for a court appointment.  The Court also notes that Plaintiff had previous employment as a housekeeper for approximately three years.

Plaintiff argues that the ALJ failed to make the requisite findings in determining Plaintiff's RFC.  Plaintiff has the burden of proving an inability to return to his former type of work.  *Pinto,* 249 F.3d at 845.  If Plaintiff establishes that his impairments prevent him from doing his previous job, the ALJ must consult a vocational expert.  *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991).  On the other hand, if the ALJ concludes in his evaluation at step four that Plaintiff's impairments did not prevent him from performing his past relevant work, it is not necessary to proceed to step five and consult a vocational expert.  *Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir.1996).

The ALJ found that Plaintiff does not have any severe physical impairments.  Thus, his inability to return to his former work must be predicated on his mental impairment or, specifically, on his "borderline intellectual functioning, depression, anxiety, decreased hearing."  There is nothing in the record to suggest that Plaintiff is unable to perform his past work, based on his mental impairment.  Instead, the record demonstrates that Plaintiff chose not to return to his work for personal reasons.  Thus, the ALJ's decision that Plaintiff could return to his past work as a

beef skinner is substantially supported by the record.

**B.     Whether the ALJ made a proper evaluation of the medical evidence**

Plaintiff argues that the ALJ improperly discredited the opinions of Dr. Staley and Dr. Mc Rae, reviewing physicians, and James Martin, D.C., a treating chiropractor.

**(1)     Evaluation of Medical Evidence**

The regulations distinguish among the opinions of three types of physicians: (1) sources who have treated the claimant; (2) sources who have examined the claimant; and (3) sources who have neither examined nor treated the claimant, but express their opinion based upon a review of the claimant's medical records.  20 C.F.R. § 416.927.  A treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing or consulting physician's opinion.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).

**(2)     Medical Evidence Provided by Dr. McRae**

Plaintiff asserts that the ALJ gave no weight to the evaluation of Dr. McRae. Plaintiff's contention is incorrect.  Dr. McRae is a reviewing physician, which means that he has neither treated nor examined Plaintiff  (Tr. 23).  The ALJ prominently indicates Dr. McRae's analysis in his decision.  *Id.*  Indeed, Dr. McRae's assessment of  Plaintiff appears to be a major contribution to the ALJ's final determination of Plaintiff's RFC.  *Id.*  A review of Dr. McRae's actual report does not indicate any limitation not addressed in the ALJ's decision (Tr. 303-305). There are specific behavioral limitations discussed in Dr. McRae's report:

> [McGuffey] can remember and carry out simple repetitive tasks/directions away from the public and most co-workers.  Tasks should not involve reading or math (and probably not spelling) as he

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

>has poor skills in these. Becomes easily [unreadable handwriting] and this will disrupt his work pace—seen in his work history and in his comments re: infant toddler care.

(Tr. 305.)

The ALJ's decision summed this up by stating: "Dr. McRae concluded predicated on the record as a whole that the claimant could carry out simple repetitive restrictions and would work best away from others." (Tr. 23.) The ALJ's final determination of Plaintiff's RFC certainly includes Dr. McRae's diagnosis when it states: "[McGuffey] is limited to simple repetitive work not involving frequent interactions with others." (Tr. 30.) There is nothing to indicate the ALJ did not fully take into account Dr. McRae's diagnosis in his decision.

### (3)  Medical Evidence Provided by Dr. Staley

The ALJ appears to have properly given no weight to the diagnosis of Dr. Staley in step 2 of his sequential analysis (Tr. 18). The ALJ discounted Dr. Staley's diagnosis that Plaintiff had a medium exertional limitation.

Dr. Staley is a reviewing physician (Tr. 23). Generally, a lack of objective evidence alone is normally not enough to disregard a physician's opinion of a claimant's impairment. *Rodriguez v. Bowen,* 876 F.2d 759, 762 (9th Cir. 1989). However, under SSR 96-3p, pain as a symptom alone cannot act as a factor for determining, at step two, whether a claimant has a severe impairment, unless objective medical evidence can demonstrate the underlying cause of the pain. 20 C.F.R. § 416.920(4)(ii); 61 FR 34468.[1] 20 C.F.R. § 416.920(4)(ii) requires that the

---

[1] SSR's do not have the force of law, but the Ninth Circuit has accorded them significant deference unless they are clearly inconsistent with the CFR they interpret. *Quang Van Han v. Bowen,* 882 F.2d 1453, 1457 (9th Cir. 1989); *see also Bunnell v. Sullivan,* 947 F.2d 341, n.3 (9th Cir. 1991).

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

ALJ determine if the claimant has a "severe *medically* determinable physical or mental impairment (emphasis added)." It is not inconsistent for SSR 96-3p to require that this determination be based on more than symptomology alone but, rather, by objective medical evidence. 61 FR 34468. Furthermore, under 20 C.F.R. § 404.1529, the subjective symptoms (like pain) can be taken into account only when consistent with objective medical evidence.

While Dr. Staley found that the Plaintiff had a medium exertional limitation, it was predicated upon pain complained of by the Plaintiff (Tr. 312). Dr. Staley's diagnosis did not include objective evidence of the source of the pain but, rather, referred to "several injuries," which were not detailed and for which he generally prescribed ice, exercise, and non-steroidal anti-inflammatory drugs (*e.g.,* ibuprofen) for the pain. *Id.*

The ALJ has not "cursorily rejected" Dr. Staley's analysis, nor is the ALJ's decision based solely on the lack of objective evidence, as the Plaintiff contends. Rather, the ALJ, appropriately following the SSR's, found that a diagnosis of "pain," absent some objective evidence of its cause, cannot be considered an impairment in a step two evaluation (Tr. 18). Noting "several injuries" is not sufficient objective evidence of the cause of the pain. More importantly, the other objective medical evidence reviewed by the ALJ did not concur with Dr. Staley's diagnosis. The ALJ's decision to discount Dr. Staley's diagnosis is supported by substantial evidence.

### (4) Chiropractic Evidence Provided by Dr. Martin

The ALJ properly accorded no weight to the findings of Plaintiff's chiropractic treatment under Dr. Martin (Tr. 22). Chiropractors are not considered an "acceptable medical source" for determining a claimant's impairment. CFR § 416.913(a) and (d). Although the ALJ *may* use evidence from other sources

**ORDER DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT; GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT ~ 9**

(*e.g*., chiropractors) to help determine severity of impairment and work limitations, *id.* at (d), the circuit instructs that, generally, little weight should be given to chiropractic evidence in disability determinations. *See, e.g., DeWeet v. Stevedoring Servs. of America,* 272 F.3d 1241, 1248 (9th Cir. 2001).

Here, the ALJ properly stated that the chiropractic evidence was not medical evidence (Tr. 22). He stated that he had considered the medical evidence and found that it did not establish a severe impairment. *Id.* Both the administrative rules and case law indicate his decision to do so was within his discretion and does not rise to an error of law.

### C. Whether the ALJ erred by failing to give proper weight to the Plaintiff's testimony and to the testimony of his wife and his mother

Plaintiff argues that the ALJ erred by failing to give proper weight to his testimony and to the statement of his wife and mother.

#### (1) Evaluating Lay Testimony and Observational Evidence

In assessing a claimant's RFC, the ALJ may consider "descriptions and observations" of limitations stemming from the claimant's impairments provided by family, friends, or others. 20 C.F.R. 404.1545(a)(3). An ALJ may reject such lay testimony in a disability determination, but only so long as the ALJ provides specific reasons "germane to each witness." *Regennitter v. Commissioner of Soc. Sec. Admin.,* 166 F.3d 1294, 1298 (9th Cir. 1999). The Ninth Circuit has found one such germane reason to be if the lay testimony conflicts with the medical evidence. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Furthermore, the ALJ need not provide any explanation for rejecting evidence that is not "probative and

//

significant." *Vincent ex. rel. Vincent v. Heckler,* 739 F.2d 1393, 1394-95 (9th Cir.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10**

1984).

### (2) Plaintiff's Testimony

Although the ALJ found Plaintiff to be generally credible, he found Plaintiff not to be credible in his view that he is disabled, and gave specific reasons for his conclusion (Tr. 28).

### (3) Testimony of Ms. McGuffey

Here, the ALJ properly rejected the testimony of Ms. McGuffey. The ALJ gave a specific reason for his rejection—her testimony conflicted with the medical evidence, adding that the record and her testimony indicated that the Plaintiff had been capable of long-term employment despite the limitations of which he complained (Tr. 28). This explanation is germane to her testimony, comports with case law, and provides proper grounds for rejection.

### (4) Observations of Ms. Wellner

Evidence provided by Ms. Wellner was not testimony at the hearing, but a written statement, which was submitted after the first reconsideration determination (Tr. 154). The ALJ makes no mention whatsoever of this statement in his decision, except to state that, "I find the evidence received into the record after the reconsideration determination did not provide any new or material evidence." (Tr. 29.)

Ms. Wellner provides little information that would assist the ALJ in making its determination. She reported that Plaintiff experiences pain, has difficulty reading, and has problems with lifting. This information is neither probative nor significant. Thus, the ALJ did not need to provide any explanation for rejecting the evidence. *See Vincent ex. rel. Vincent*, 739 F.2d at 1394-95.

//

**D. Whether the ALJ erred in determining that Plaintiff's job**

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11**

### providing maintenance in a beauty salon was past relevant work

Plaintiff argues that the ALJ erred in determining that his job providing maintenance in a beauty salon was past relevant work. The ALJ concluded that "the evidence in this case establishes that the claimant has past relevant work as a beef skinner." (Tr. 29.) He also observed that it "appears that within the residual functional capacity established by the evidence, the claimant could also perform several other of his past occupations, notably maintenance in a beauty shop, housekeeping and stocker." *Id.* Because the ALJ merely observed that Plaintiff could perform maintenance in a beauty shop, and his finding that Plaintiff was not under a disability was based on the fact that he could return to his past work as a beef skinner, it is not necessary to address Plaintiff's argument.

### CONCLUSION

The Commissioner's decision to deny Plaintiff disability benefits is supported by substantial evidence.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (Ct. Rec. 9) is **DENIED.**

2. Defendant's Motion for Summary Judgment (Ct. Rec. 12) is **GRANTED.**

3. Judgment shall be entered for the Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and provide copies to counsel.

**DATED** this 25th day of July, 2005.

s/ ROBERT H. WHALEY
United States District Judge

Q:\CIVIL\2004\McGuffey\ss.ord.wpd

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12**